UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| DR. DIONNE VANCE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| MARLBORO COUNTY SCHOOL ) | **JURY TRIAL DEMANDED** |
| DISTRICT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 ("ADA") and Title I of the Civil Rights Act of 1991 against Defendant, Marlboro County School District ("MCSD"). This is also an action to remedy violations of the Family and Medical Leave Act 29 U.S.C. § 2611(2)(a)(i)(ii) ("FMLA"). Plaintiff seeks to correct MCSD's unlawful employment practices on the basis of disability and to obtain appropriate relief, as she was adversely affected by such practices. As stated with greater particularity below, Plaintiff alleges that MCSD engaged in unlawful conduct when it perceived Plaintiff as disabled and/or failed to accommodate Plaintiff and discharged Plaintiff because of her actual or perceived disability or because of the need to provide reasonable accommodation for her disabilities. When Plaintiff was out of work for FMLA qualifying leave, Defendant violated FMLA by failing to provide proper notice and designation of FMLA leave and by demoting Plaintiff upon her attempts to return to work.

1

**PARTIES**

1. Plaintiff is a female citizen of the United States and a resident of Marion County, South Carolina.

2. Plaintiff is informed and believes that Defendant, Marlboro County School District ("MCSD"), is a governmental entity that serves as the governing body for public schools within Marlboro County, South Carolina. MCSD is created pursuant to the laws of the State of South Carolina, domiciled in Marlboro, South Carolina and operating under the laws and Constitution of the State of South Carolina. Defendant may be served a copy of this complaint on their agent for service who is the Superintendent.

3. On information and belief, at all times relevant to the allegations in this complaint, MCSD has purchased liability insurance; and MCSD was authorized to and did waive any immunity from civil liability under state or federal causes of action by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference 42 U.S.C. Section 706(f)(1), (3), 42 U.S.C. §2000e-5(f)(1), (3), and pursuant to Sections 102 and 503 of the Civil Rights Act of 1991, 42 U.S.C. §1981a and 42 U.S.C. § 12203(c).

5. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Florence Division.

6. On July 30, 2024, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding her charge number 436-2024-02045, informing her of her right to sue defendant in response to her charge of discrimination on the basis of disability and retaliation.

7. Plaintiff has complied fully with all prerequisites and conditions precedent to the institution of this lawsuit.

## FACTUAL ALLEGATIONS

8. Plaintiff was subjected to discrimination based on actual or perceived disability and a failure to accommodate, as well as FMLA retaliation. As a result Plaintiff suffered damages as set forth herein.

9. At all relevant times, each of the Defendants have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2). Defendant is an employer within the meaning of 42 U.S.C. §12111 5(A).

10. Plaintiff was employed with Defendant, as a Principal for MCSD from February 2020 to May 10, 2024, the date Defendant MCSD presented Plaintiff with a teaching contract.

11. Plaintiff was performing satisfactorily as a Principal at Blenheim Middle School and was to be transferred to Bennettsville Intermediate School as Principal effective January 8, 2024.

12. As the news of Plaintiff's transfer began to spread, Plaintiff was bombarded by rumors and comments speculating on the reason for the transfer; and students at Blenheim Middle School held a peaceful demonstration opposing the transfer of their principal.

13. Defendant's Superintendent and the Executive Cabinent began to subject Plaintiff to a hostile work environment, accusing Plaintiff of instigating protests and causing other staff members to spread the rumors and demanding she admit she planned the demonstration.

14. The hostile work environment escalated to the point that Plaintiff suffered a medical event on December 12, 2023, requiring immediate hospitalization and treatment well into January.

15. Plaintiff's mother informed Defendant on January 9, 2024 and provided a doctor's note regarding Plaintiff's medical condition; and Defendant indicated Plaintiff had 27 vacation days and 55 sick days, and her 90 days of allowed leave per policy would end on May 14, 2024.

16. While Plaintiff's health continued to deteriorate while hospitalized, Plaintiff's mother made attempts to update Defendant of Plaintiff's condition.

17. Plaintiff was released from the hospital on March 23, 2024, and Plaintiff informed Defendant that she still had not been released to return to work.

18. In May 2024, Plaintiff began to make inquiries about her Principal contract for the upcoming 2024 - 2025 school term, which she had not received.

19. In a conversation with Plaintiff on May 1, 2024, Defendant HR representative Mosby required a doctor's note from Plaintiff allowing her to return to work before allowing Plaintiff to sign contracts, which needed to be signed by the deadline of May 10, 2024.

20. Plaintiff presented a doctor's note to Defendant on May 7, 2024, stating she could return to work on July 1, 2024, well before the 2024 - 2025 school term.

21. Defendant through representative Mosby acknowledged receipt of Plaintiff's doctor's note and informed Plaintiff on May 9, 2024, that her leave would exceed 91 workdays in a school year, but Superintendent had made a decision to continue using Plaintiff's sick leave.

22. Plaintiff inquired about FMLA protection, and Defendant indicated Plaintiff was required to request FMLA and complete paperwork.

23. On May 10, 2024, Defendant notified Plaintiff of her demotion while on medical leave, by presenting Plaintiff with a teacher contract rather than an administrator contract for the upcoming school year.

24. Defendant ceased all communication directly with Plaintiff and failed to provide Plaintiff an explanation for demotion, failed to provide Plaintiff a notice of termination and failed to provide Plaintiff proper COBRA notices regarding insurance continuation.

25. Plaintiff's counsel submitted a grievance request on Plaintiff's behalf on June 27, 2024; and, after receiving no response, Plaintiff submitted a second grievance request on August 21, 2024.

26. For both grievances submitted complaining of ADA and FMLA violations, Defendant disregarded its own grievance policy per MCSD handbook, and failed to provide Plaintiff an opportunity to grieve her demotion while on medical leave which would take effect after her return to work from medical leave.

27. Plaintiff complained of discrimination and FMLA violations while still employed; and in retaliation for her protected activity, Defendant terminated Plaintiff as a principal, presented Plaintiff with a demotion contract assignment as a teacher, all before Plaintiff's return to work date of July 1, 2024.

28. After Plaintiff objected to the demotion contract presented by Defendant on May 10, 2024, and after Plaintiff filed grievances about discrimination beginning on June 27, 2024, Defendant, in retaliation for her protected activity, terminated Plaintiff's insurance, and still did not inform Plaintiff of her employment status, which appeared to be terminated.

29. To date, Defendant has never responded to Plaintiff's request for employment status and has never provided Plaintiff any notice of separation from the position of Principal. Also, Defendant has never provided Plaintiff any notice of separation in any way.

30. After exercising her right to medical leave and after complaining of discrimination, retaliation and other violations of statutory law, Defendant discharged Plaintiff by

        refusing to present her an administrator contract for the upcoming 2024 - 2025 school year.

31. After exercising her right to medical leave and after complaining of discrimination, retaliation and other violations of statutory law, in further retaliation, Defendant constructively discharged Plaintiff, by refusing to allow Plaintiff to return to work as administrator, by refusing to respond to Plaintiff's grievance request, by terminating Plaintiff's insurance after Plaintiff did not sign a demoted teaching contract May 10, 2024 and requested a grievance, by refusing to respond to Plaintiff's request for employment status; thus leaving Plaintiff's employment status unknown and leaving Plaintiff without income or insurance for an extended period of time.

32. Defendant's conduct toward Plaintiff materially changed Plaintiff's work conditions, thus ultimately causing her constructive discharge.

33. Similarly situated employees outside of Plaintiff's protected class did not receive this treatment. Plaintiff is unaware of any non disabled employees similarly situated who were stripped of all job duties and demoted without cause or proper notice.

34. On the various dates and occasions, Defendant treated Plaintiff's employment differently than non disabled employees and in an unfair, unequal, and/or harassing way, as explained above, which segregated her and adversely affected her status as an employee, because of her disability, actual or perceived and her protected activity.

35. Defendant was on notice, or should have been on notice, of the actions of its subordinates or employees, and all failed to correct such discriminatory actions of its employees.

36. Defendant's acts of discrimination retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights and rights under FMLA.

37. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff.

38. As a result of Defendant's discharge, demotion and constructive discharge of Plaintiff for discriminatory and retaliatory reasons, Plaintiff has suffered economic loss, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation.

**FIRST CAUSE OF ACTION**
**(ADA VIOLATION/ RETALIATION)**

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint.

40. At all times complained of, Plaintiff was an employee of Defendant as a Principal and suffered a medical condition, that affected her ability to fully care for herself and work from December 2023 to July 2024.

41. Plaintiff was disabled, Defendant had a record of Plaintiff's disability, and Defendant perceived Plaintiff to be disabled from a period of December 2023 to the present.

42. Plaintiff was performing satisfactorily as she was not demoted from principal to teacher before taking medical leave and was not under the threat of termination before taking medical leave.

43. Defendant subjected Plaintiff to adverse employment action upon Plaintiff's attempts in May 2024, to return to work from medical leave and enforce her rights under FMLA. Defendant discharged Plaintiff as a principal, Defendant demoted Plaintiff by offering her a teaching contract, Defendant constructively discharged Plaintiff by refusing to allow Plaintiff to return to work as a principal and terminating Plaintiff's insurance.

44. Plaintiff attempted to grieve Defendant's discriminatory actions and obtain employment status; and Defendant ignored Plaintiff's request for grievance and employment status.

45. Plaintiff is unaware of any non disabled employees who were demoted and discharged without cause or notice and without the opportunity to be heard for grievance.

46. Defendant engaged in a practice of discrimination and retaliation and discriminated and retaliated against Plaintiff in the terms and conditions of her employment on the basis of her disability and/or the perceived effects of her perceived disabling condition in violation of Americans with Disabilities Acts of 1990, as amended, 42 U.S.C. § 12112(a) et seq. ("AADA").

47. Defendant discharged and/or constructively discharged Plaintiff because of her disabilities, and/or because of the need to provide reasonable accommodation for her disabilities, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA; 42 U.S.C. §§ 12112(a) and (b)(5) (A) and (B); 42 U.S.C. §12182(a) and (b).

48. Defendant discriminated against Plaintiff by taking adverse employment actions because of her disabilities, and/or because of the need to provide reasonable

accommodation for her disabilities, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B). 42 U.S.C. §12182(a) and (b).

49. Defendant failed to accommodate Plaintiff's disability and need for extended leave and required a release to return to work, which amounts to a failure to accommodate in violation of 42 U.S.C. §§ 12112(a) and (b)(5)(A). Defendant failed and refused to provide Plaintiff a reasonable accommodation, as required under Section 102(b)(5)(A) of the ADA. 42 U.S.C. § 12112(b)(5)(A).

50. Defendant has engaged in unlawful employment practices, in violation of Section 503 of the ADA, 42 U.S.C. § 12203 by retaliating against Plaintiff for exercising her right to medical leave, seeking an accommodation of leave or extended leave, and attempting to return to work without retaliatory discharge or demotion.

51. Title II of the ADA applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities.

52. As described above, Defendant's actions and practices – refusing to allow Plaintiff to work as a principal, perceiving Plaintiff as disabled upon a return to work and then stripping Plaintiff of all original job duties, terms and conditions of employment, all violate Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12181 et seq. specifically under 42 U.S.C. §12182(b)(1)(A) and §12182(b)(2)(A).

53. Defendant's adverse employment actions and practices against Plaintiff violate Section 501 of the Rehabilitation Act of 1972 as amended, 29 USC §791, et seq. ("Section 501).

54. As described above, Defendant, a covered entity for purposes of Section 501, discriminated and retaliated against Plaintiff, a qualified individual with a disability, on the basis of disability.

55. Defendant's ADA and Rehabilitation Act violations against Plaintiff caused harm such that each is entitled to damages pursuant to 42 U.S.C. § 1981(a).

56. The effects of the practices complained of have caused Plaintiff to now suffer and will continue to suffer irreparable injury and impairment to reputation, financial and emotional distress, lost wages and incur attorney fees and costs as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
## (VIOLATION OF FMLA - INTERFERENCE)

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56 of this Complaint.

58. Defendant employed in excess of 50 employees within 75 miles of the location where Plaintiff worked.

59. At the time of the need for leave, Plaintiff had been employed by Defendant for at least twelve (12) months.

60. Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to the time needed for leave beginning December 12, 2023.

61. Plaintiff was an eligible employee and Defendant was an employer under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. §2611(2)(a)(i)(ii).

62. Plaintiff was entitled to receive leave pursuant to the FMLA and Defendant was not permitted to retaliate against Plaintiff for exercising her rights under the FMLA. FMLA, 29 U.S.C.§2615 provides employees with a cause of action against their employers who interfere, restrain, or deny their rights to FMLA leave or restoration to the same or equivalent position.

63. Defendant was placed on notice of Plaintiff's serious health condition and need for medical leave beginning December 2023 and continuing; and Plaintiff made inquiries to Defendant regarding FMLA protection.

64. Defendant willfully failed to recognize Plaintiff's leave for serious health condition that left her hospitalized as an FMLA qualifying event; and failed and refused to properly process Plaintiff's request for FMLA protection with respect to her return to work.

65. Defendant willfully failed to designate Plaintiff's leave as FMLA-qualifying and failed to provide Plaintiff the proper FMLA notices and paperwork.

66. Defendant willfully failed to return Plaintiff back to her position as Principal upon her return back to work from FMLA qualifying leave.

67. Defendant's conduct, policies, inquiries, and discipline interfered with Plaintiff's FMLA rights because it interfered with Plaintiff's FMLA rights to take FMLA leave without disciplinary action and right to be protected for conduct occurring as a result of FMLA triggering events. Defendant therefore engaged in FMLA interference in violation of 29 CFR §825.220.

68. Plaintiff is now suffering and will continue to suffer irreparable injury and impairment to reputation, financial and emotional distress, lost wages and incur attorney fees and costs as a result of Defendant's FMLA interference practices unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
### (VIOLATION OF FMLA - RETALIATION)

69. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 68 of this Complaint.

70. Plaintiff was an eligible employee and Defendant was an employer under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. §2611(2)(a)(i)(ii).

71. Plaintiff was entitled to receive protection pursuant to the FMLA and Defendant was not permitted to retaliate against Plaintiff for exercising her rights under the FMLA. FMLA, 29 U.S.C.§2615 provides employees with a cause of action against their employers who interfere, restrain, or deny their rights to FMLA leave or restoration to the same or equivalent position.

72. Defendant was placed on notice of Plaintiff's serious health condition and need for medical leave beginning December 2023 and continuing; and Plaintiff made inquiries to Defendant regarding FMLA protection.

73. When Plaintiff tried to invoke her right to FMLA protection while trying in May 2024 to return to work as a Principal for the upcoming school year, Defendant willfully retaliated against Plaintiff by requiring a fit for duty certification to return, by demoting Plaintiff to a teacher, by refusing to allow Plaintiff to return to work as

a principal, by refusing to address Plaintiff's grievance requests and employment status requests, by terminating Plaintiff's insurance without providing separation documents.

74. Defendant's retaliatory actions constitute unlawful acts in violation of FMLA, 29 U.S.C. §2615(a)(2) and 29 U.S.C. §2615(b).

75. Defendant's policies, inquiries, and adverse employment actions against Plaintiff interfered with Plaintiff's FMLA rights because they retaliated against Plaintiff for exercising her FMLA rights to take FMLA leave without disciplinary action and her FMLA right to be returned to work in her same or similar position.

76. Plaintiff is now suffering and will continue to suffer irreparable injury and impairment to reputation, financial and emotional distress, lost wages and incur attorney fees and costs as a result of Defendant's FMLA retaliatory practices unless and until this Court grants relief.

**FOURTH CAUSE OF ACTION**
**(Violation of Statutory Rights)**
**(SC Code Ann. Section 59-25-430,440,450,460)**

77. Plaintiff incorporates herein by reference the allegations contained in paragraph 1-76 above.

78. At all times relevant to this lawsuit, Plaintiff was a credentialed Educator, Director or Professional under the requirements of the South Carolina Department of Education.

79. Plaintiff supervised certified educators in her role as school Principal.

80. Plaintiff was performing satisfactorily, has always received high performance evaluations, and received no substantial discipline.

81. Defendant demoted Plaintiff from principal to teacher, without suspension or notice and without advising Plaintiff of her grievance rights under the Teacher Dismissal Act or giving the Plaintiff a fair opportunity to contest the demotions and reductions in pay.

82. Defendant's demotion of Plaintiff and the resulting reduction in pay was in violation of the procedural safeguards outlined in Title 59 of the laws of this state.

83. Defendant's decision to demote, reduce pay, and terminate Plaintiff first as a Principal and then separate Plaintiff from employment completely, was not approved by or recommended to the Board and the termination was in violation of the procedural safeguards outlined in Title 59 of the laws of this state.

84. As a direct and proximate result of Defendant School District's violation of Title 59, Plaintiff suffered a substantial monetary loss, loss of employment and benefits, and impaired professional and personal reputation, all in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of ADA, Section 504, FMLA and Teacher Dismissal Act;

B. Enjoining and permanently restraining these violations;

C. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D.      Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits; and liquidated damages pursuant to the FMLA because Defendant's violations of the FMLA were willful.

E.      Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. § 12205 and 42 U.S.C. § 12117 and for an award of lost wages up and until the time of reinstatement pursuant to S.C. Code § 41-1-80;

F.      Directing Defendant to pay Plaintiff compensatory damages and damages for her emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) in the amount to be determined by a jury;

G.      For other actual and punitive damages that might be determined by a jury; and,

H.      Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By:   s/ Pheobe A. Clark
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC 29504-3057
Phone: (843) 669-5634
Fax:     (843) 669-5150

October 28, 2024